**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, NINTH FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL: (410) 962-3962
FAX: (410) 962-3976
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SASHA GARCON AND JESSICA SAWADOGO
ASSISTANT FEDERAL PUBLIC DEFENDERS

January 29, 2026

**Via email**

✓ FILED ___ ENTERED
___ LOGGED ___ RECEIVED

11:24 am, Feb 18 2026
AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY ___R.C.___ Deputy

The Honorable Adam A. Abelson
United States District Court
101 W. Lombard Street
Baltimore, MD 21201

Re:   United States v. Paul Bond, Crim. No. ABA-25-0013
      Notice of Intent to Plead Guilty Pursuant to Fed. R. Crim. Pro. 11

Dear Judge Abelson:

Paul Bond wishes to enter a plea of guilty to the sole count in the Indictment, ECF No. 1, which charges him with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1). Because the parties have not entered a plea agreement, this letter is meant to memorialize the factual basis for the plea and assist the Court in the Rule 11 colloquy.

### Offense of Conviction

1. Mr. Bond will plead guilty to Count One of the Indictment, ECF No. 1, which charges him with Possession of a Firearm and Ammunition by a Prohibited Person, in violation of 18 U.S.C. § 922(g)(1).

### Elements of the Offense

2. The elements of the offense to which Mr. Bond will plead guilty are as follows: That on or about the time alleged in the Indictment, in the District of Maryland:

    a. Mr. Bond knowingly possessed a firearm and ammunition, as those terms are defined in 18 U.S.C. § 921(a);

    b. Mr. Bond had been convicted of a crime punishable by imprisonment for a term exceeding one year, his civil rights had not been restored, and he had knowledge of this status; and

    c. Both the firearm and ammunition affected interstate commerce because they were manufactured outside the State of Maryland.

United States v. Paul Bond, ABA-25-0013
Notice of Intent to Plead Guilty
Page 2

## Penalties

3. The maximum sentence provided by statute for the offense to which Mr. Bond will plead guilty is as follows: fifteen (15) years' imprisonment, a fine of $250,000, and three (3) years of supervised release. Mr. Bond understands that he must pay a $100 special assessment, pursuant to 18 U.S.C. § 3013.

## Sentencing Guidelines Apply

4. Mr. Bond understands that a sentencing guidelines range for this case (henceforth the "advisory guidelines range") will be determined by the Court, pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991-998. Mr. Bond further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a sentence sufficient but not greater than necessary to meet the purposes of sentencing.

    a. Mr. Bond agrees that the applicable base offense level is 14 pursuant to U.S.S.G. § 2K2.1(a)(6)(A), which applies if the defendant was a prohibited person at the time the defendant committed the instant offense.

    b. Mr. Bond agrees that a 4-level upward adjustment applies pursuant to U.S.S.G. § 2K2.1(b)(7)(B), which applies if the defendant used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.

    c. Mr. Bond is entitled to a 2-level downward adjustment pursuant to U.S.S.G. § 3E1.1(a) because he has clearly demonstrated acceptance of responsibility for his offense.

    d. Mr. Bond is eligible for an additional 1-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) because he timely notified the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently.

## Factual Statement

5. Mr. Bond agrees that, if this case were to proceed to trial, the government would prove beyond a reasonable doubt the following facts:

On June 28, 2024, in the District of Maryland, Mr. Bond knowingly possessed a Glock Model 22 Gen 4, .40 caliber pistol, bearing serial number UFB271, loaded with fourteen (14) rounds of ammunition, which meet the definitions of "firearm" and "ammunition" as those terms are defined under federal law. Mr. Bond was seen by witnesses waving a firearm in the air. C.F. would testify that Mr. Bond pointed the firearm at her residence while D.F., her husband, was on the porch. The firearm was later recovered and found to be loaded.

United States v. Paul Bond, ABA-25-0013
Notice of Intent to Plead Guilty
Page 3

Both the firearm and ammunition were manufactured outside the State of Maryland and thus affected interstate commerce.

Prior to June 28, 2024, Mr. Bond had been convicted of a crime punishable by imprisonment exceeding one year. Following that conviction, Mr. Bond's civil rights had not been restored, and he had knowledge of this status when he possessed the firearm.

I, Paul Bond, have carefully reviewed the contents of this letter with my attorneys. I understand it. I voluntarily agree to it, and I do not wish to change any part of it. I am satisfied with the representation of my attorney.

01/24/2026
Date

Paul Bond

I have carefully reviewed the contents of this letter with Mr. Bond. To my knowledge, his decision to plead guilty is informed and voluntary.

1/29/2026
Date

Sasha Garcon
Assistant Federal Public Defender

1/29/2026
Date

Jessica Sawadogo
Assistant Federal Public Defender

cc:    Jonathan Tsuei, Assistant United States Attorney